IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:23-mc-00004-JPM-act |
| v. ) | |
| ) | |
| KARA ZDZINNICKI, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MODIFICATION OF RESTITUTION ORDER**

Before the Court is Defendant Kara Zdzinnicki's *pro se* letter to the Court, filed on March 22, 2023. (ECF No. 12.) The Court understands Defendant to be requesting an adjustment in the percentage of her wage to be garnished pursuant to 18 U.S.C. § 3664(k), which permits the Court to modify a restitution order "as the interests of justice require." 18 U.S.C. § 3664(k).

The United States of America (the "Government") filed a Response in Opposition on March 24, 2023. (ECF No. 14.)

Defendant's Motion is **DENIED**.

**I.  BACKGROUND**

In March 2018, Kara Zdzinnicki pled guilty to one count of wire fraud for her role in a scheme to defraud Actron Security Alarm Systems, Inc. As part of the plea, the parties agreed that Zdzinnicki owed $174,051.13 in restitution. At sentencing in July 2018, the Court ordered that she pay this amount in restitution.

(ECF No. 9 at PageID 36.) The Government has applied for, and received, a writ of garnishment in the instant case. (Id. at PageID 37.) On January 31, 2023, the instant case was

transferred to the Western District of Tennessee pursuant to 28 U.S.C. § 3004(b)(2). (Id. at PageID 38.)

## II.   ANALYSIS

"'A district court [may] modify an order of restitution when there is a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" United States v. Dover, No. 1:07-CR-20466, 2022 WL 4396969, at *1 (E.D. Mich. Sept. 23, 2022) (quoting United States v. Grigsby, 665 F. App'x 701, 706 (10th Cir. 2016); 18 U.S.C. § 3664(k)). A defendant must show that he or she is entitled to the modification of a restitution order by a preponderance of the evidence, and the Court may grant such a modification as justice may require. See United States v. Baird, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009). "'A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed.'" United States v. Dabney, No. 3:02-CR-68-003-R, 2009 WL 2422292, at *2 (W.D. Ky. July 29, 2009) (quoting United States v. Dye, 48 F. App'x 218, 220 (8th Cir. 2002)).

In addition to Defendant's letter, the Court has reviewed a body of Defendant's financial records including pay stubs, records of expenses, and a self-reported financial statement. (ECF Nos. 12-1, 15-1, 15-2.)

Defendant claimed that she received a gross monthly income of $3,800 as of April 5, 2023. (ECF No. 15-1 at PageID 46.) In the instant Motion she states that her take-home pay is approximately $1,200 monthly after her wages are garnished and deductions are taken out. (ECF No. 12 at PageID 6.) She also states that her work hours have been cut. (Id.) Defendant states that she lives with her husband and adult daughter, both of whom apparently

do not work. (Id. ("I am currently the sole support of my family").) Defendant reported that her monthly expenses were approximately $2,750. (ECF No. 15-1 at PageID 46.)

However, Defendant's records of expenses indicate that she has never made the rent payment that she indicated to the Court was a monthly expense and has only occasionally made payments on the vehicles she reported as monthly expenses. (See generally ECF No. 15-2.) The expenses that Defendant self-reported as rent and car payments total over $1,800 monthly. (ECF No. 12 at PageID 6.) Defendant has disclosed her financial obligations to the Court without disclosing all financial resources that are available to her or she has failed to justify her accounting of her expenses to the Court. This makes it impossible for the Court to draw any "objective comparison [between Defendant's] financial condition before and after [her] sentence [was] imposed." Dabney, 2009 WL 2422292, at *2.

Defendant has not met her burden of demonstrating, by a preponderance of the evidence, that there has been a material change in her economic circumstances to warrant an adjustment of her restitution payment schedule.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion is **DENIED**.

**SO ORDERED**, this 6th day of July, 2023.

        /s/ Jon P. McCalla  
        JON P. McCALLA  
        UNITED STATES DISTRICT JUDGE